IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GEORGE STRONG, JR., and
JEAN HANCOCK, ET AL                                         PLAINTIFFS

VERSUS                                 CIVIL ACTION NO. 2:08cv145-KS-MTP

DEANNA SNYDER, and INTERSTATE
DISTRIBUTOR COMPANY                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion for Partial Summary Judgment **[#176]** filed on behalf of the defendants and Motion to Amend Complaint **[#179]** filed on behalf of the plaintiffs. The court, having reviewed the motions, the responses, the briefs and being otherwise fully advised in the premises finds that the Motion for Partial Summary Judgment should be denied and the Motion to Amend the Complaint should be granted.

## FACTUAL BACKGROUND

On September 14, 2007, the plaintiffs George Strong, Jr., Jean Hancock and Minor C.R.S. were guest passengers in a vehicle being driven by the plaintiff Lou E. Strong when their vehicle collided with an 18-wheeler owned by the defendant Interstate Distributor Company and driven by defendant Deanna Snyder. As a result of the accident, George Strong, Jr. and Jean Hancock filed suit on December 7, 2007 in

Covington County against Interstate and Deanna Snyder and Lou E. Strong.

Minor plaintiff C.R.S. reached a partial settlement of his personal injury claims arising out of the accident with the insurance carrier for Lou Strong and petitioned the Chancery Court for the First Judicial District of Jones County to approve the settlement on June 9, 2008. The mother and natural guardian of C.R.S. then filed suit in Covington County against Interstate and Snyder on July 31, 2008. On September 26, 2008, Lou Strong also filed a complaint against Interstate and Snyder in Covington County.

Each of the three above referenced cases was removed to this court, on July 14, September 12 and October 20, 2008, respectively. The three cases were consolidated by this court on November 19, 2008, and have continued through discovery to the point where the defendants have filed the present motion for partial summary judgment.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a

genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.

*Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

4

## **ANALYSIS**

The basis of the defendants' motion is that the plaintiffs have made statements and admissions that plaintiff Lou E. Strong either turned in front of or pulled into the path of the oncoming Interstate truck driven by Deanna Snyder, thus causing or contributing to the accident. They assert that these admissions are memorialized, as to George Strong, Jr. and Jean Hancock, in the original state court complaint filed in Covington County and in the petition for settlement of the minor's claim filed in Jones County as to C.R.S.

The plaintiffs have responded with the motion to amend the complaint which contains the language concerning Lou Strong being at fault in causing the accident. Counsel for the plaintiffs, Don Evans, has stated that none of the plaintiffs ever told him or anyone in his office that Lou Strong caused the accident by turning or pulling in front of the Interstate truck. Evans states that his paralegal who drafted the original complaint, which was not sworn, was unable to reach the plaintiffs when preparing it and instead relied on faulty information contained in the accident report which stated that Lou Ella Strong pulled across the highway and was struck by the 18-wheeler.

However, beginning on June 19, 2008, the plaintiffs argue that it became clear that they were not contending that Lou Strong's actions contributed to the accident in any way. On that date, George Strong and Jean Hancock both answered sworn interrogatories propounded by the defendants stating that the defendants' truck rear-ended the vehicle driven by Lou Strong in which they were passengers.

Evans also points out that the complaint filed on behalf of C.R.S. on July 31,

5

2008, states that the defendants' truck rear-ended the vehicle being driven by Lou Strong. Likewise, the complaint filed on behalf of Lou Strong on September 26, 2008, stated that the Interstate truck rear-ended her vehicle causing the accident.

On December 17, 2008, the video deposition of Jean Hancock was taken. She was deposed again on September 1, 2009. Hancock clearly stated that the defendants' truck ran into the rear of the Strong vehicle and that her mother, Lou Strong was not at fault. When asked about language in the original complaint alleging that Lou Strong was negligent, she stated that she knew nothing about that because she never said Lou Strong pulled in front of the truck so as to contribute to or cause the accident. She also disavowed ever telling any investigator or insurance adjuster that Lou Strong pulled in front of the truck and did not know that Don Evans had included her mother, Lou Strong, in the original complaint. George Strong, Jr. testified similarly in his video deposition on December 17, 2008.

Lou Ella Strong's video deposition was taken on December 17, 2008 also. She testified that she was upset that she had been included as a defendant in the original state court complaint filed by George Strong and Jean Hancock. She stated unequivocally that she did not pull or turn in front of the 18-wheeler. Likewise, on March 12, 2009, the video deposition of C.R.S. was taken. He testified, unequivocally, that the 18-wheeler driven by defendant Snyder rear-ended the pick-up truck driven by Lou Ella Strong.

The evidence is uncontradicted that with the exception of the original state court complaint filed by Don Evans on behalf of George Strong and Jean Hancock, the plaintiffs have steadfastly and consistently claimed that defendant Snyder rear-ended Lou Ella Strong. Evans has explained that the original complaint was filed with an error

6

as to the actual facts of the case.  But it is clear that the defendants have been fully aware since early in the litigation that the plaintiffs contend that defendant Snyder caused this wreck and not Lou Ella Strong.

Preparation of the original complaint was sloppy and unprofessional and indicates a lack of investigation on the part of Evans and his staff.  However, the plaintiffs should not be penalized for this poor performance considering their consistent position on the actual facts of the case as to causation of the accident.  Evans' explanation that he intended to amend the original Strong and Hancock complaint but decided not to in light of the correctness of the C.R.S. and Lou Ella Strong complaints and the fact that all of the cases were consolidated here after removal is weak and continues to exhibit shoddy workmanship.  The court and Evans' clients expect and deserve more from a long-time member of the Bar.

However, Evans' shoddy workmanship does not provide an appropriate docking point for the "gotcha" law being promoted by defense counsel.  The defendants have been long aware of what the plaintiffs contend are the facts of this case.  It is a waste of scarce judicial resources for the court to have to address such a merit-less motion at this point in the litigation.  The contentions of the plaintiffs as to the cause of this accident may present a fertile field for cross examination.  But to pursue a partial summary judgment on an errant early pleading which has been fully supplemented and explained approaches the unprofessional conduct which precipitated it.  Both attorneys are cautioned that such conduct on the part of either of them will not be tolerated in the future.

The plaintiffs George Strong and Jean Hancock have moved to amend their

original complaint consistent with the developed facts of the case. Pursuant to Rule 15, Federal Rules of Civil Procedure, leave to amend the complaint is generally to be freely granted. However, such leave to amend a complaint is not automatic. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). The Fifth Circuit has instructed that the district courts may, in deciding whether to grant leave to amend, consider a variety of factors which include undue delay and futility of the amendment. *Id*. Most certainly, the rules pertaining to amending a complaint do not require courts to indulge in useless gestures. *Deloach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1968).

Based on the foregoing, the court finds that the defendants will not be unduly prejudiced nor will a delay of the proceedings be necessary by allowing the plaintiffs to amend their complaint consistent with the theories advanced as to causation of this accident. The plaintiffs shall do so within five days of this order.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment **[#176]** filed on behalf of the defendants **Denied** and the plaintiffs' Motion to Amend Complaint **[#179]** is **Granted** and the plaintiffs shall file such amended complaint within five days.

SO ORDERED AND ADJUDGED, this the 17th day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE