IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GEORGE STRONG, JR., AND
JEAN HANCOCK, ET AL

VS.                                                              CIVIL ACTION NO. 2:08cv145-KS-MTP

DEANNA SNYDER, INTERSTATE
DISTRIBUTOR COMPANY

ORDER

This cause is before the Court on Defendants' Motions *in Limine* as follows:

1. To exclude the testimony of Roland Brown [199].

2. To exclude the testimony of Mark Ezra [195].

3. To exclude the testimony of James J. Hannah [197].

4. Defendants' general Motion *in Limine* [201].

5. Defendants' Motion *in Limine* to Exclude the Testimony of Dinesh K. Goel, M.D. [207].

The Court finds as follows:

That the Defendants' Motion to Exclude the Testimony of Roland Brown [199] should be and is hereby **sustained**. Additionally, Plaintiff have stated that Roland Brown will not be called as a witness.

Motion *in Limine* to Exclude the Testimony of Mark Ezra [195]. The Court finds that the Motion to Exclude is, in fact, a *Daubert* motion. The brief filed herein states the *Daubert* standard and cites Federal Rule of Evidence 702. L.U. Civ. R. 7(b)(2)(C) provides that all

motions challenging an opposing party's expert must be filed no later than fourteen (14) calendar days after the discovery deadline. This motion is not timely filed and is **denied.**. Additionally, the Defendants do not challenge the qualifications of Mr. Ezra, but challenge his methodologies and factual background. The Defendants may not like what the Plaintiffs' witness says, but in this case, his testimony will not be stricken. However, his testimony will be subject to full bore cross-examination and he must remain within the parameters of his pre-disclosed opinions.

Motion *in Limine* to Exclude the Testimony of James Hannah [197]. The Court finds that the Motion to Exclude is, in fact, a *Daubert* motion. The brief filed herein states the *Daubert* standard and cites Federal Rule of Evidence 702. L.U. Civ. R. 7(b)(2)(C) provides that all motions challenging an opposing party's expert must be filed no later than fourteen (14) calendar days after the discovery deadline. This motion is not timely filed and is **denied**. Additionally, the Defendants do not challenge the qualifications of Mr. Hannah, but challenges his methodologies and factual background. The Defendants may not like what the Plaintiffs' witness says, but in this case, his testimony will not be stricken. However, his testimony will be subject to full bore cross-examination and he must remain within the parameters of his predisclosed opinions.

Defendants' General Motion *in Limine* [201]. Paragraph 4 of Defendants' Motion *in Limine* is **sustained;** paragraph 5 is **sustained**; paragraph 6 is **sustained**; paragraph 7 **sustained**; paragraph 8 is **sustained**; paragraph 9 is **sustained**; and paragraph 10 is **sustained.**

Irrespective of the rulings made herein, this Court recognizes that certain things may come out in the testimony that would cause this Court to reconsider the above rulings on Defendants' General Motion *in Limine*. The parties are allowed to reurge evidence excluded hereby if by the testimony it is shown to be relevant and admissible under the Rules of Evidence.

Motion *in Limine* to Exclude the Testimony of Dinesh K. Goel, M.D. [207]. The Court

finds that the Motion to Exclude is, in fact, a *Daubert* motion and should be **denied.**

**SO ORDERED** on this, the 24th day of March, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE